Song v. Barr

BIA
Hom, IJ
A205 457 198

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

HUANG SHENG SONG, AKA SHENG SONG HUANG,
> *Petitioner,*

v.                                          **17-4100**
                                            **NAC**

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Joseph A. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huang Sheng Song, a native and citizen of the People's Republic of China, seeks review of a December 5, 2017, decision of the BIA affirming an April 4, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Sheng Song,* No. A 205 457 198 (B.I.A. Dec. 5, 2017), *aff'g* No. A 205 457 198 (Immig. Ct. N.Y. City Apr. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions,* 891 F.3d 67, 76 (2d Cir. 2018); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). Substantial

2

evidence supports the adverse credibility determination and, absent credible testimony, Song failed to establish past persecution or a well-founded fear of future persecution.

Substantial evidence supports the agency's determination that Song was not credible as to his claim that Chinese police beat and attempted to arrest and detain him on account of his practice of Christianity. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency reasonably relied on Song's failure to plausibly explain why he had his birth certificate translated to English years in advance of the persecution he claimed led him to flee China. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir. 2007) ("The speculation that inheres in inference is

3

not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). The adverse credibility determination was bolstered by inconsistencies within Song's testimony about the number of police officers that raided his religious gathering, and the inconsistency between his statements and the Form I-213 as to whether he was alone when he encountered police and immigration officers in the United States. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (holding that an IJ is permitted to rely on even minor or tangential inconsistencies, so long as the totality of the circumstances supports the adverse credibility determination). These findings are supported by the record, and Song did not rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

4

The agency also did not err in concluding that absent credible testimony, Song failed to satisfy his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). We find no error in the agency's conclusion that Song did not allege past harm rising to the level of persecution: Song was not arrested or detained by police during the raid on his church, he did not testify to serious injury, and he never sought medical attention. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).

Absent past persecution, Song failed to establish a well-founded fear of future persecution, which requires showing either a reasonable possibility that he would be singled out for persecution or that there is a pattern or practice of persecuting similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii). In addition to his lack of credibility, Song did not provide any reason he would be

5

singled out for persecution--for example, that he has held a leadership role in the church, been ordained, or participated in any activities that would make the Chinese government aware of or interested in his religious practice. Moreover, his country conditions evidence did not establish "systemic or pervasive" persecution of Christians sufficient to demonstrate a pattern or practice of persecution of similarly situated individuals in his home province. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see* 8 C.F.R. § 1208.13(b)(2)(iii). The evidence in the record established that tens of millions of individuals practice in unregistered churches in China and that such practice is tolerated without interference in some areas, and it did not identify persecution of Christians in Song's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165-66, 174 (2d Cir. 2008) (explaining BIA does not err in requiring localized evidence of persecution when the record reflected wide variances in how policies are understood and enforced throughout China).

Song's failure to meet his burden of proof for asylum necessarily precluded him from establishing his eligibility

6

for withholding of removal and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7